LEU OKUDA & DOI
Attorneys at Law

KARYN A. DOI 7687
The Merchant House
222 Merchant Street, Main Floor
Honolulu, Hawaii 96813
Telephone: (808) 538-1921
Fax No.: (808) 523-9585
Email: Lester@Leu-Okuda.com
       Karyn@Leu-Okuda.com

Attorneys for Secured Creditor

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re:<br><br>JULIE PADUA PINTOR,<br><br>         Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-01111<br>(Chapter 13)<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BROUGHAM FUND I TRUST'S OBJECTION TO CHAPTER 13 PLAN FILED AUGUST 31, 2019;<br><br>CERTIFICATE OF SERVICE |

WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BROUGHAM FUND I TRUST'S OBJECTION TO CHAPTER 13 PLAN FILED AUGUST 31, 2019

Secured Creditor WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BROUGHAM FUND I TRUST, through its servicing agent BSI Financial Services ("Creditor") hereby objects to the Chapter 13 Plan filed by Debtor JULIE PADUA PINTOR ("Debtor") as follows:

I. **FACTUAL BACKGROUND.**

Creditor has an interest in this matter by virtue of a

Mortgage recorded July 31, 2007, in the Bureau of Conveyances of the State of Hawaii as Document No. 2007-135492 for the original principal amount of $440,000.00 ("Mortgage"). See Proof of Claim filed November 6, 2019, as Claim #3.

The Mortgage was assigned or otherwise transferred to Creditor by virtue of an Assignment of Mortgage recorded April 6, 2018, in the Bureau of Conveyances of the State of Hawaii as Document No. A66700726 and an Assignment of Mortgage recorded April 6, 2018, in the Bureau of Conveyances of the State of Hawaii as Document No. A66700727. See Proof of Claim filed November 6, 2019, as Claim #3.

Said Mortgage is recorded against the real property identified as 1521 Gulick Ave., Honolulu, HI 96819 ("Property").

On or about August 31, 2019, Debtor filed her Chapter 13 Petition commencing this case.

As of the date the bankruptcy was filed, the total amount of Creditor's claim was $500,678.84 with a pre-petition delinquency of $186,234.49 stemming from non-payment since July 2013. See Proof of Claim filed November 6, 2019, as Claim #3.

Debtor values the Property at $1,033,600.00 in her Petition.

On or about August 31, 2019, Debtor filed her proposed Chapter 13 Plan ("Plan") listing Creditor's claim as a Class 1 claim. Debtor intends on making $180.00 monthly payments for the first 12 months of the Plan and then steps up the monthly amount to $4,512.00 for the remaining 48 months. Debtor indicates that

she is relying on modification of the mortgage loan in order to sustain her Plan.

## II.  <u>CREDITOR'S OBJECTIONS.</u>

Creditor objects to the Debtor's proposed Plan as not satisfying the feasibility requirements under 11 U.S.C. §1325(a)(6).

Section 1325(a)(6) states that "[T]he court shall confirm a plan if . . . the debtor will be able to make all payments under the plan and to comply with the plan . . ." In other words, for a Plan to be feasible, a Chapter 13 plan "must have a reasonable likelihood of success, i.e., that it is likely that debtor will have necessary resources to make all payments as directed by the plan." <u>In re Fantasia</u>, 211 B.R. 420, 423 (BAP 1st Cir. 1997).

In this case, the hope or prospect of securing a modification given the length of time that has passed, i.e., six years, and the amount of the delinquency, i.e., $186,234.49, is unreasonable.

Debtor has had more than sufficient time to seek options to remedy the delinquency and has not done so. Rather Debtor has instead waited six years and, through this Plan, is requesting that Creditor wait yet another year, and possibly more.

If a modification is not obtained, other than Debtor's indication that she would try to seek an extension of the low monthly payment beyond the 12 months, there is no other information provided on how else she would be able to make

U.S. Bankruptcy Court - Hawaii  #19-01111  Dkt # 17  Filed 12/02/19  Page 3 of 5

adequate payments to sustain her Plan much less keep current on post-petition monthly mortgage payments as they become due.

Even if a modification was offered, it is uncertain whether the modification would meet the $4,512.00 monthly Plan payment proposed after the first year of the Plan and there is no information provided on how Debtor would make up any shortage. See Austin v. Bankowski, 519 B.R. 559 (citing In re Lundahl, 307 B.R. 233, 244-45 (Bankr.D.Utah 2003) for the proposition that the debtor's proposed budget was unrealistically lean, rendering the debtor's future ability to satisfy the terms of the plan unlikely and In re Heck, 355 B.R. 813, 823-25 (Bankr.D.Kan. 2006) for the proposition that Debtor did not have sufficient income to make all plan payments).

The Plan, therefore, is unreasonable, speculative and remote, and unlikely to be successful under the circumstances.

**III. <u>CONCLUSION</u>.**

For the foregoing reasons, Creditor requests that Plan confirmation be denied.

DATED:  Honolulu, Hawaii, December 2, 2019.

/s/ *Karyn A. Doi*
KARYN A. DOI
Attorney for Secured Creditor

4

<u>CERTIFICATE OF SERVICE</u>

THE UNDERSIGNED HEREBY CERTIFIES that a copy of the foregoing document filed by Secured Creditor WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BROUGHAM FUND I TRUST has been duly served upon the parties named below at their last known address on December 2, 2019, by ECF and/or U.S. Mail, postage pre-paid:

Donald L. Spafford, Jr.
Attorney for Debtor
Via ECF: donaldspaffordattorney@gmail.com

Howard M.S. Hu
Chapter 13 Trustee
Via ECF: Ch13mail@aol.com

Office of the U.S. Trustee
Via ECF: ustpregion15.hi.ecf@usdoj.gov

Julie Padua Pintor
1521 Gulick Ave.
Honolulu, HI 96819
    Debtor (via US Mail)

DATED:      Honolulu, Hawaii, December 2, 2019.

/s/ Karyn A. Doi
KARYN A. DOI
Attorney for Secured Creditor